Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 897 | **DATE** | 1/5/2001 |
| **CASE TITLE** | CHARLIE MAHOLOVITS, et al vs. VILLAGE OF CRESTWOOD, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court grants in part and denies in part the Village of Crestwood and the City of Blue Island, and the Blue Island Civil Service Commission's motions to dismiss and denies the Blue Island Junior Football Association's motion to dismiss. [11-1, 13-1, 19-1 and 37-1]. Defendants Crestwood Police Department and the Blue Island Fire Department are terminated as parties to this action. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | **JAN 0 8 2001** | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | MW | 47 |
| | Mail AO 450 form. | COPY FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JAN -5 PM 6: 17 | | |
| CG courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLIE MAHOLOVITS and )
FRANK MAHOLOVITS, by their )
mother and next friend, CHARLOTTE )
MAHOLOVITS, )
 )
      Plaintiffs, )
 )
  v. )
 )
VILLAGE OF CRESTWOOD, )
CHESTER STRANCZEK, as Mayor )
of the Village of Crestwood, )
CRESTWOOD POLICE DEP'T, )
JAMES ARVANITES, as Chief of the )
Crestwood Police Department, CITY OF )
BLUE ISLAND, BLUE ISLAND )
CIVIL SERVICE COMMISSION, )
BLUE ISLAND FIRE DEP'T, )
BLUE ISLAND PARK DISTRICT, )
BLUE ISLAND UNTOUCHABLES )
FOOTBALL ORGANIZATION, )
an unincorporated association, and )
THOMAS BROUKAL, individually and )
as agent, servant and employee of the )
VILLAGE OF CRESTWOOD, )
 )
      Defendants. )

**DOCKETED**
JAN 0 8 2001

Judge Ronald A. Guzman

00 C 897

## MEMORANDUM OPINION AND ORDER

The facts of this case involve the alleged sexual molestation of two boys by Thomas Broukal ("Broukal"), who, at the time, was a police officer, fireman, and football coach. Charlotte Maholovits, on behalf of her sons, Charlie and Frank, has sued all defendants except for the Blue Island Untouchables Football Organization[1] for the deprivation of their right to

---

[1] While the true name of the Blue Island Untouchables Football Organization is the Blue Island Junior Football Association, Inc., the Court will refer to the organization as it is named in the First Amended Complaint.

substantive due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983 ("section 1983") and have sued all defendants for violations of state law. The Village of Crestwood, the Crestwood Police Department, James Arvanites, the Blue Island Civil Service Commission, and the Blue Island Untouchables Football Organization have moved to dismiss the First Amended Complaint.[2] For the reasons provided in this Memorandum Opinion and Order, defendants' motions are granted in part and denied in part.

## FACTS

In the summer of 1998, Charlie Maholovits was required to serve community service through the Village of Crestwood and the Crestwood Police Department. (First Am. Compl. ¶ 9.) The Village of Crestwood and the Village of Crestwood Police Department directed Charlie Maholovits to serve his community service through the City of Blue Island and the Blue Island Police Department. (*Id.* ¶ 10.) At all times relevant to the First Amended Complaint, defendant Broukal was employed as a police officer for Crestwood Police Department. (*Id.* ¶ 8.)

At the City of Blue Island Fire Department, Charlie reported to and was supervised by Broukal, who also was an employee of the City of Blue Island Fire Department and was hired by the Blue Island Civil Service Commission. (*Id.* ¶ 11.) The Village of Blue Island through its agents was aware that Charlie was to be assigned to the supervision of Broukal. (*Id.* ¶ 12.) During the supervised community service, Broukal allegedly touched Charlie's genitals on more than one occasion during 1998. (*Id.* ¶ 13.)

---

[2]With regard to the other defendants, Broukal has not moved to dismiss the Complaint, and the Court previously denied Blue Island Park District's motion to dismiss in the Minute Order of 9/21/00.

2

As a result of his supervisory control over Charlie, Broukal also was provided the opportunity to have contact with Charlie's family, including his brother Frank. (*Id.* ¶ 14.) Broukal encouraged Frank to join the Blue Island Untouchable Football Organization, an organization which employed Broukal. (*Id.* ¶¶ 8, 14.) Broukal touched Frank's genitals on at least one occasion during 1998. (*Id.* ¶ 15.) Prior to the incidents involving Charlie and Frank, all of the defendants, were aware that, in 1992, Broukal was charged with sexually molesting two male children and giving alcohol to a minor and that, in 1993, Broukal was convicted of giving alcohol to a minor. (*Id.* ¶ 16.)

## DISCUSSION

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), the court accepts the "well-pleaded allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). Dismissal is proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, if the complaint fails to allege an element necessary to obtain relief, dismissal is appropriate. *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

### A. Crestwood Police Department and Blue Island Fire Department

The Court has detected a deficiency in the Amended Complaint with regard to two of the

named defendants, the Village of Crestwood Police Department and the Blue Island Fire Department. In circumstances such as this where a defendant is not an individual or a corporation, we look to Illinois law to determine the defendant's capacity to be sued. FED. R. CIV. P. 17(b). "To be sued in Illinois, a defendant must have a legal existence, either natural or artificial." *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). "Departments within a governing body lack the required separate legal existence to be held accountable." *Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998).

The police department of the Village of Crestwood and the fire department of the City of Blue Island are merely departments within their respective governing bodies. Because plaintiffs have sued the Village of Crestwood and the City of Blue Island, their suing individual departments within those governing bodies adds nothing to the First Amended Complaint. *See West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997). Accordingly, all claims against the Village of Crestwood Police Department and the City of Blue Island Fire Department are dismissed.[3]

---

[3]The same conclusion cannot be reached with regard to the Blue Island Civil Service Commission, however. Apparently, the City of Blue Island has adopted the commission form of municipal government. *See Morsovillo v. Civil Service Comm'n of City of Blue Island*, 101 Ill. App. 3d 406, 407-08, 428 N.E.2d 540, 541-42, 56 Ill. Dec. 948, 949-50 (1st Dist. 1981); *see* 65 ILL. COMP. STAT. 5/10-1-1 (West 1993). The Illinois Supreme Court has stated that a commission's "technical legal affiliation" with a municipality does not necessarily mean that it is not an autonomous legal entity. *Springfield-Sangamon County Regional Plan Comm'n v. Fair Employment Practices Comm'n*, 71 Ill. 2d 61, 70, 373 N.E.2d 1307, 1310-11 (1978). The cases on which the Blue Island Civil Service Commission relies do not support its contention that it is not a separate legal entity, and the Commission provides no other authority for treating it as such. Thus, the Court will not dismiss the claims against the Blue Island Civil Service Commission on this ground.

**B.    Village of Crestwood, City of Blue Island, & Blue Island Civil Service Commission**[4]

First, plaintiff alleges that the Village of Crestwood, the City of Blue Island, and the Blue Island Civil Service Commission violated section 1983 by depriving her sons of their right to substantive due process under the Fourteenth Amendment when they hired Broukal. Section 1983 "creates a federal cause of action for 'the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.'" *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)). To state a claim under section 1983, a plaintiff "must show (1) action taken under color of state law, . . . [and ] (2) a deprivation of a right protected by the Constitution." *Brown v. City of Lake Geneva*, 919 F.2d 1299, 1301 (7th Cir. 1990).

However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In addition, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). "Where a plaintiff claims that the municipality has not directly

---

[4]Plaintiffs have sued Chester Stranczek in his official capacity as Mayor of the Village of Crestwood and have sued James Arvanites in his official capacity as the Chief of the Crestwood Police Department. Plaintiff has also sued Thomas Broukal in his official capacity as an agent, servant, and employee of the Village of Crestwood and the City of Blue Island as well as in his individual capacity. "An official capacity suit against a municipal official is merely another way of asserting a claim against the municipality." *Gibson v. City of Chicago*, 910 F.2d 1510, 1519 n.14 (7th Cir. 1990). Thus, plaintiff's claims against Stranczek, Arvanites, and Broukal in their official capacities are really claims against the Village of Crestwood and the City of Blue Island.

5

inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.* at 405.

Accordingly, "a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Id.* at 407. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 410. "The fact that inadequate scrutiny of an applicant's background would make a violation of rights more likely cannot alone give rise to an inference that a policymaker's failure to scrutinize the record of a particular applicant produced a specific constitutional violation." *Id.* at 410-11. "Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference.'" *Id.* at 411.

Plaintiff alleges that prior to hiring Broukal, the Village of Crestwood, the City of Blue Island, and the Blue Island Civil Service Commission were aware that in 1993, defendant Broukal was convicted of a misdemeanor involving his giving alcohol to a minor and that in 1992, Broukal was charged with sexually molesting two male children and giving alcohol to a minor. (First Am. Compl. ¶ 17.) Plaintiff alleges that despite defendants' actual knowledge of these facts, defendants hired Broukal and assigned him to direct, supervise, control, and have

6

contact with Charlie and Frank Maholovits. (*Id.* ¶ 19.) Accepting these allegations as true as we must on a motion to dismiss, plaintiff has plead sufficiently that these defendants disregarded a known consequence and that defendants caused the deprivation of Charlie and Frank's rights to substantive due process by assigning Broukal to work with them. At this point in the litigation, the Court will not rule as a matter of law that it is beyond any doubt that plaintiff can prove no set of facts in support of her section 1983 claim that would entitle her to relief. Therefore, the Court denies the Village of Crestwood, the City of Blue Island, and the Blue Island Civil Service Commission's motion to dismiss as to plaintiff's section 1983 claim.

Second, in support of plaintiff's state law claim in Counts I and II, she alleges that the Village of Crestwood, the City of Blue Island, and the Blue Island Civil Service Commission breached their duty to the Maholovits brothers by hiring and assigning Broukal to direct, supervise, control and have contact with the Maholovits brothers (Count I) and by failing to supervise Broukal (Count II). These defendants argue, however, that they should be afforded absolute immunity pursuant to sections 2-109 and 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"). 745 ILL. COMP. STAT. 10/2-109, 2-201.

Section 2-109 of the Tort Immunity Act provides that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILL. COMP. STAT. 10/2-109. Section 2-201 provides: "Except as otherwise provided by statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILL. COMP.

7

STAT. 10/2-201.

It is well established under Illinois law that "[p]ublic officials are immune from liability for acts falling within their official discretion." *Gavery v. County of Lake*, 160 Ill. App. 3d 761, 764, 513 N.E.2d 1127, 1129 (2d Dist. 1987); *see Currie v. Lao*, 148 Ill. 2d 151, 166-67, 592 N.E.2d 977, 983-84 (1992). "[D]iscretionary acts are those which are unique to the particular public office, while ministerial acts are those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority,' and without reference to the official's discretion as to the propriety of the act." *Snyder v. Curran Township*, 167 Ill. 2d 466, 474, 657 N.E.2d 988, 993 (1995). In addition to the requirement that the act be discretionary, the act must also be a determination of policy which is defined as a "decision[] which require[s] the municipality to balance competing interests and to make a judgment call as to what solution will best serve each of those interests." *Harinek v. 161 North Clark Street Ltd. Partnership*, 181 Ill. 2d 335, 342, 692 N.E.2d 1177, 1181 (1998).

Plaintiff argues that the decisions to hire, assign, and supervise Broukal were not unique to the public offices of the decision makers of the Village of Crestwood, the City of Blue Island, and the Blue Island Civil Service Commission because state courts ordinarily administer the serving of community service by persons such as Charlie Maholovits. Although it may be true that state courts administer the serving of community service by offenders and make sure that offenders fulfill the hours required through community service, state courts are not responsible for the hiring, assignment, and supervision of employees of the Village of Crestwood and the City of Blue Island. Thus, this argument does not defeat the application of Tort Immunity Act in this case.

8

In addition, plaintiff relies on *Stratman v. Brent*, a case in which the court held that a police chief's decision to tell a prospective employer of a former employee that the former employee was unstable and that he would not hire him back, was not unique to his position as police chief because decisions regarding what to tell a prospective employer are made by all past employers. 291 Ill. App. 3d 123, 131, 683 N.E.2d 951, 956-57 (2d Dist. 1997). However, in contrast to *Stratman*, the decisions in this case that allegedly caused plaintiff's injury are those involving the hiring, assignment, and supervision of Broukal, which are decisions that are especially unique to the public offices which employed him, not merely the post-employment decision to tell a prospective employer information about a former employee. Decisions to hire, assign, and supervise a public employee go to the very heart of the particular function of a public office. Thus, *Stratman* is distinguishable.

Further, plaintiff relies on *Mueller v. Community Consolidated School District 54*, a case in which a student and her mother sued a school district for, among other claims, negligent hiring and negligent supervision, due to a school coach's sexual assault of the student. 287 Ill. App. 3d 337, 678 N.E.2d 660 (1st Dist. 1997). The *Mueller* court denied a school district's motion to dismiss based on immunity because the school district's decision to hire the coach was "fettered by the criminal-background-check statute," the Illinois School Code, which stated that the school district "'shall not knowingly employ a person for whom a criminal background investigation has not been initiated.'" *Id.*, 287 Ill. App. 3d at 346, 678 N.E.2d at 666 (quoting 105 ILL. COMP. STAT. 5/34-18.5(d)). In contrast to *Mueller*, in this case plaintiff has provided no statute that likewise fetters the public entities' decisions to hire, assign, and supervise Broukal. Thus, *Mueller* is inapposite.

Defendants argue and the Court agrees that the decisions which allegedly caused plaintiff's injury were exercises of official discretion and involve the determination of policy. Decisions involving whether to hire Broukal, whether to assign Broukal to a particular duty, and whether and to what extent to supervise Broukal necessarily required the Village of Crestwood, the City of Blue Island, and the Blue Island Civil Service Commission to balance the competing interests involved, including the safety of the public and the resources of the municipality, and to judge what action was appropriate. *See Johnson v. Mers*, 279 Ill. App. 3d 372, 380, 664 N.E.2d 668, 675 (2d Dist. 1996) (stating that the decision to hire or not to hire a police officer is an inherently discretionary act). Thus, the Court finds that the alleged acts and omissions involved the determination of policy and the exercise of discretion.

Therefore, section 2-201 of the Tort Immunity Act affords the employees of the Village of Crestwood, the City of Blue Island, and the Blue Island Civil Service Commission absolute immunity for their decisions regarding the hiring, assignment, and supervision of Broukal. Accordingly, pursuant to section 2-109 of the Tort Immunity Act, these local public entities are not liable for any injuries resulting from their employees' alleged acts or omissions in hiring, assigning, or supervising Broukal. The Court thus grants the motion to dismiss Counts I and II as to defendants Village of Crestwood, City of Blue Island, and Blue Island Civil Service Commission.

C.     **Blue Island Untouchables Football Organization**

Defendant Blue Island Untouchables Football Organization ("BIUFO") has moved to

dismiss Count III (negligent hiring and retention of Broukal) and Count IV (negligent supervision of Broukal) because plaintiff's allegations fail to state a claim. Although it appears that BIUFO has opted not to burden the Court with any citation to legal authority for any of its arguments in support of its motion to dismiss,[5] it is nevertheless the duty of the Court to provide a sound legal foundation for its decisions.

In Count III, plaintiff alleges negligent hiring and retention. Under Illinois law, a claim of negligent hiring requires the following elements:

> (1) the employer knew or should have known that the employee in question had a particular unfitness for the position so as to create a danger of harm to third persons, (2) that such particular unfitness was known or should have been known at the time of hiring, and (3) that this particular unfitness proximately caused the claimed injury.

*Mueller v. Community Consol. Sch. Dist. 54*, 287 Ill. App. 3d 337, 341-42, 678 N.E.2d 660, 663 (1st Dist. 1997). To allege negligent retention, plaintiff must claim: (1) the employer knew or should have known that an employee was unfit for the job so as to create a danger of harm to third persons; (2) the employer retained the employee after the employer knew or should have known about the employee's unfitness; and (3) the unfitness proximately caused plaintiff's injury. *See Bates v. Doria*, 150 Ill. App. 3d 1025, 1030-31, 502 N.E.2d 454, 458 (2d Dist. 1986).

Plaintiff alleges in Count III that BIUFO knew or should have known prior to and during Broukal's employment that Broukal was charged with criminal sexual abuse of a minor for sexually molesting a minor, charged with contributing to the delinquency of a minor, and convicted of contributing to the delinquency of a minor for giving alcohol to a minor. (First Am.

---

[5] Moreover, the Court notes that any arguments raised for the first time in a reply brief are waived. *United States v. Turner*, 203 F.3d 1010, 1019 (7th Cir. 2000).

11

Compl. ¶ 27.) Plaintiff also alleges that accordingly, BIUFO knew or should have known that Broukal had a particular unfitness for the position of football coach which allowed him direct and unsupervised contact with minor children so as to create a danger of harm to third persons. (*Id.* ¶ 30.) Finally, plaintiff alleges that BIUFO's negligent hiring and retention of Broukal is the proximate cause of Frank Maholovits' injuries. (*Id.* ¶ 36.) Under the notice pleading standards of Federal Rules of Civil Procedure 8(a), plaintiff's allegations are sufficient to give BIUFO notice of the claim against it. *See, e.g., Heser v. Illinois State Toll Highway Auth.*, No. 89 C 2344, 1992 WL 373035, at *1-2 (N.D. Ill. Dec. 9, 1992) (finding short and plain statement that plaintiff's injuries were direct and proximate result of negligent acts and omissions of defendant sufficient to survive motion to dismiss).

In Count IV, plaintiff alleges negligent supervision. In Illinois, to state a claim of negligent supervision, a plaintiff must allege: (1) the defendant had a duty to supervise its employees; (2) the defendant negligently supervised an employee; and (3) such negligence proximately caused plaintiff's injury. *Mueller*, 287 Ill. App. 3d at 342-43, 678 N.E.2d at 664. Plaintiff in this case claims that (1) BIUFO had a duty to supervise its agents acting in their capacities as football coaches (First Am. Compl. ¶ 38); (2) BIUFO failed to exercise ordinary care by allowing him to have direct and unsupervised contact with minor children although it knew or should have known that he had a propensity to be dangerous to children (*id.* ¶ 49); and (3) as a proximate result of BIUFO's acts or omissions, Frank Maholovits was injured (*id.* ¶ 50). Again, under the liberal notice pleading standards, plaintiff states a claim of negligent supervision.

BIUFO also argues that an exhibit attached to the First Amended Complaint undermines

plaintiff's claims in Counts III and IV. "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). "To the extent that the written document contradicts the allegations in the complaint, the former controls." *In re First Chicago Corp. Secs. Litigation*, 769 F. Supp. 1444, 1450 (N.D. Ill. 1991).

The exhibit attached to the First Amended Complaint is a newspaper article that describes an incident involving Broukal's sexual assault of a boy. (First Am. Compl., Ex. B, M.L. Elrick & Anne Bowhay, *Football Club Fires Cop*, DAILY SOUTHTOWN, Feb. 10, 1999, at A1.) The article states that while driving in Blue Island in August 1998, Broukal saw a ten-year-old boy walking on the street, offered him a ride home, and assaulted him inside the vehicle. (*Id.* at A2.) Even if the boy in the article were alleged to be Frank Maholovits, the facts as described in the article do not contradict or undermine the allegations in the First Amended Complaint. Plaintiff alleges that Broukal touched Frank on at least one occasion in 1998. (First Am. Compl. ¶ 15.) Thus, what occurred on one occasion does not necessarily describe what may have occurred on other occasions. Therefore, the Court finds, contrary to BIUFO's assertions otherwise, that plaintiff has not pleaded herself out of court. Therefore, because plaintiff states claims of negligent hiring, retention, and supervision and because the allegations in support of those claims are not contradicted by the exhibit to the First Amended Complaint, the Court denies BIUFO's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the Village of

13

Crestwood and the City of Blue Island, and the Blue Island Civil Service Commission's motions to dismiss and denies the Blue Island Junior Football Association's motion to dismiss (Docket Nos. [11-1], [13-1], [19-1], and [37-1]). The Court (1) grants the Village of Crestwood, the City of Blue Island, and the Blue Island Civil Service Commission's motions to dismiss Counts I and II of the First Amended Complaint pursuant to the Tort Immunity Act; (2) denies their motions to dismiss Count V (section 1983 claim); and (3) grants the Village of Crestwood and the City of Blue Island's motion to dismiss all claims against the Crestwood Police Department and the Blue Island Fire Department and hereby terminates the Crestwood Police Department and the Blue Island Fire Department as parties to this action.

**SO ORDERED**              ENTERED: 1/5/01

_____
HON. RONALD A. GUZMAN
**United States Judge**